**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

----------------------------------------------------------------------------x

Matthew Worley,

              Plaintiff,                                      **C.A. No.:** 3:23-cv-191

          -against-                                           **DEMAND FOR JURY TRIAL**

Transunion, LLC,
Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
NewRez LLC d/b/a Shellpoint Mortgage Servicing,

              Defendant(s).

----------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Matthew Worley("Plaintiff"), by and through his attorneys, and as for his

Complaint against Defendant Transunion, LLC ("Transunion"), Defendant Equifax Information

Services, LLC ("Equifax"), Defendant Experian Information Solutions, Inc. ("Experian"), and

Defendant NewRez LLC doing business as Shellpoint Mortgage Servicing ("NewRez")

respectfully sets forth, complains, and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15

    U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the

    acts and transactions occurred here, Plaintiff resides here, and Defendants transact

    business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15

    U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

**PARTIES**

4. Plaintiff is a resident of the State of Texas, County of El Paso.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion is a Delaware corporation registered to do business in the State of Texas, and may be served with process upon The Prentice-Hall Corporation System its registered agent for service of process at 211 E 7th Street, Suite 620, Austin, TX 78701.

7. At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of Texas, and may be served with process upon the Corporation Service Company, its registered agent for service of process at 211 E 7th Street, Suite 620, Austin, TX 78701.

10. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers

for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. §

1681(d) to third parties.

11. At all times material hereto, Equifax disbursed such consumer reports to third parties

under a contract for monetary compensation.

12. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and

conducts substantial and regular business activities in this judicial district. Experian is an

Ohio corporation registered to do business in the State of Texas, and may be served with

process upon the C T Corporation System, its registered agent for service of process at

1999 Bryan Street, Suite 900, Dallas, Texas 75201.

13. At all times material hereto, Experian is a consumer reporting agency regularly engaged

in the business of assembling, evaluating and disbursing information concerning

consumers for the purpose of furnishing consumer reports, as said term is defined under

15 U.S.C. § 1681(d) to third parties.

14. At all times material hereto, Experian disbursed such consumer reports to third parties

under a contract for monetary compensation.

15. NewRez is a person who furnishes information to consumer reporting agencies under 15

U.S.C. § 1681s-2, with an address for service of process with its registered agent of

Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company,

located at 211 E 7th St Ste 620, Austin, TX 78701.

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

fully stated herein with the same force and effect as if the same were set forth at length

herein.

17. On or before August 1, 2022, Plaintiff had a mortgage account with non-party Caliber Home Loans ("Caliber").

18. Plaintiff applied for a mortgage modification with Caliber.

19. On or about August 1, 2022 Plaintiff made his first payment for the trial period on his loan modification.

20. Plaintiff received a letter in mid-August 2022 stating that his mortgage was being transferred to NewRez and that payments should be sent to NewRez going forward.

21. On or about August 31, 2022, Plaintiff called NewRez to ask about making his modification payment for September 2022.

22. Plaintiff was told by NewRez that his account had not yet been transferred and that payment could not be made until the account was transferred.

23. A NewRez representative advised Plaintiff that his account would likely be transferred at the end of September.

24. Plaintiff was assured that he would receive an email when the account was transferred and payment was due.

25. Plaintiff did not receive an email from NewRez in September of 2022 and was not advised that his account had been transferred or that payment was due.

26. On or about September 30, 2022 Plaintiff called NewRez to follow up with them as he had not heard any updates about the transfer.

27. Plaintiff was told by a NewRez representative that he had to make the payment on that very day to timely make his September payment.

28. Without having time to check his bank account, Plaintiff hastily made his September 2022 payment on the same day to avoid a late payment with NewRez.

29. Unfortunately, Plaintiff noticed that another payment went through on his bank account on the same day and that the payment to NewRez would not clear due to insufficient funds in that bank account.

30. Had Plaintiff been provided ample time to timely make his September 2022 mortgage payment, he would have been able to avoid an issue related to insufficient funds in his account.

31. In good faith, Plaintiff called NewRez to advise them that the payment would not clear and he would have to make another payment to cover for September 2022.

32. A NewRez representative advised Plaintiff that he would have to wait until the payment was returned to his account before making a new payment.

33. Plaintiff immediately attempted to make another payment on the NewRez account but the payment system was still registered as if the payment was already made.

34. Plaintiff called NewRez several times over the next few weeks to try and correct this but had to wait for the payment to be returned to make another payment.

35. Plaintiff was able and willing to make a replacement payment for the September 2022 mortgage payment on time.

36. Due to no fault of his own, Plaintiff was prevented from making a replacement payment for the September 2022 mortgage payment.

37. When the original September 2022 payment was finally returned, Plaintiff was technically in default on his mortgage modification trial period and was therefore prevented from making any further payments on his mortgage.

38. NewRez aggressively sent Plaintiff foreclosure warning letters every few days in the mail.

39. While on the phone, a NewRez representative advised Plaintiff that his only available option to avoid foreclosure was to make a one-time $26,173.56 payment by the first day of December 2022.

40. Plaintiff was fearful that he would lose his house in foreclosure.

41. Plaintiff made a wire transfer of $26,173.56 to NewRez on November 15, 2022, saving himself from any foreclosure proceeding.

42. Plaintiff made the $26,173.56 payment to avoid any foreclosure and to fully pay back any outstanding debt to NewRez.

43. Plaintiff called NewRez to confirm that they received Plaintiff's payment.

44. Plaintiff made a timely mortgage payment for December 2022 on December 1, 2022.

45. On December 7, 2022, Plaintiff received an alert that a foreclosure notation had been added to his credit report.

NewRez Dispute and Violation

46. Upon information and belief, on a date better known to Transunion, Equifax and Experian ("Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to his NewRez account with account number 972559**** ("Account").

47. The inaccurate information furnished by NewRez and published by the Bureaus is inaccurate since the Account is listed with late payment notations.

48. Plaintiff's Transunion credit report lists Plaintiff as 120 days late for October 2022.

49. Plaintiff's Equifax credit report lists Plaintiff as 180 days late for October 2022.

50. Plaintiff's Experian credit report lists Plaintiff as 180 days late for October 2022.

51. Plaintiff was on a trial period so he should not be marked late.

52. It was not due to the fault of Plaintiff that the September 2022 payment was not timely made, and therefore Plaintiff should not be marked late.

53. It is materially misleading to mark Plaintiff as late on his Account when NewRez was unwilling to accept a timely payment from Plaintiff due to their own internal policies.

54. NewRez never in fact brought a foreclosure action against Plaintiff as Plaintiff was able to comply with NewRez's terms for avoiding foreclosure.

55. Plaintiff disputed the Account with the Bureaus and directly with NewRez on or about January 5, 2023.

56. In his dispute, Plaintiff explained the context that surrounded the late payment notations and the foreclosure notation and why they should be removed from his credit reports.

57. Plaintiff never received a response from Equifax.

58. Plaintiff never received a response from Experian.

59. It is a violation of law for Equifax and Experian to ignore Plaintiff's dispute.

60. Each of Plaintiff's disputes required a response, which he never received from Equifax or Experian.

61. On February 9, 2023 Plaintiff received a response from NewRez stating "Upon investigation of your dispute, Shellpoint has not been able to determine that an error occurred".

62. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

63. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

64. It is believed and therefore averred that the Bureaus notified NewRez of the Plaintiff's disputes.

65. Upon receipt of the disputes of the Account from the Plaintiff by the Bureaus, NewRez failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

66. Had NewRez done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to NewRez that the Account was reporting with inaccurate late payment notations and an inaccurate foreclosure notation.

67. Despite the Plaintiff's dispute that the information on his consumer reports was inaccurate with respect to the disputed Account, the Bureaus did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Account was inaccurate.

68. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

69. Had the Bureaus done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the Account was reporting with inaccurate late payment notations and an inaccurate foreclosure notation.

70. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as

evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

71. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

72. Plaintiff applied for a Personal Credit Line Loan from Totaloan and received a denial of credit letter.

73. The first reason for the denial was based on a "serious delinquency."

74. Plaintiff applied for a Personal Credit Line Loan from DCU Loan and received a denial of credit.

75. Plaintiff applied for a Personal Credit Line Loan from SoFi Loan and received a denial of credit letter.

76. The first reason listed for the denial was based on a "serious delinquency."

77. Plaintiff applied for a Personal Credit Line Loan from Upgrade and received a denial of credit.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to the Bureaus)

78. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

79. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

80. The Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

81. The Bureaus have willfully and recklessly failed to comply with the Act. The failure of the Bureaus to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

   g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

   h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

82. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on

future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

83. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

84. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Matthew Worley, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to the Bureaus)

85. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

86. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

87. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

88. The Bureaus have negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

89. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

90. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

91. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Matthew Worley, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to NewRez)

92. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

93. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

94. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

95. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

96. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

97. NewRez violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by

failing to correctly report results of an accurate investigation to the credit reporting agencies.

98. As a result of the conduct, action and inaction of NewRez, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

99. The conduct, action and inaction of NewRez was willful, rendering NewRez liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

100. The Plaintiff is entitled to recover reasonable costs and attorney's fees from NewRez in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Matthew Worley, an individual demands judgement in his favor against NewRez in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to NewRez)

101.Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

102.This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

103. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

104. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

105. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

106. NewRez is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

107. After receiving the Dispute Notice from the Bureaus, NewRez negligently failed to conduct its reinvestigation in good faith.

108. A reasonable investigation would require a furnisher such as NewRez to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

109. The conduct, action and inaction of NewRez was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

110. As a result of the conduct, action and inaction of NewRez, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on

future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

111. The Plaintiff is entitled to recover reasonable costs and attorney's fees from NewRez in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Matthew Worley, an individual, demands judgement in his favor against NewRez for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

112. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)  For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  May 9, 2023

Respectfully Submitted,


/s/ *Yaakov Saks*
**Stein Saks, PLLC**
By:  Yaakov Saks
One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
ysaks@steinsakslegal.com